UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM PAUL BRINGMAN,

        Plaintiffs,

        v.

VILLAGE OF FREDERICKTOWN,
OHIO, et al.,

        Defendants.

Case No. 2:15-cv-628
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss (ECF No. 6), a memorandum in opposition (ECF No. 9), and a reply memorandum (ECF No. 10). For the reasons that follow, the Court **GRANTS** the motion.

### I.    Background

On February 27, 2013, Plaintiff, William Paul Bringman, was arrested for domestic violence related to an incident involving his then-wife, Barbara Jean Bringman. The arresting officers were Defendant Kyle Johnson, a Village of Fredericktown police officer, and Kevin Durbin, a Knox County deputy sheriff. After being placed under arrest, Plaintiff was taken to the Knox County Jail. He was released later that same day.

On February 18, 2015, Plaintiff filed a complaint against Johnson, Durbin, and the following additional defendants: the Village of Fredericktown; Jerry Day, the former Village of Fredericktown police chief; Roger Brown, the Village of Fredericktown police chief; the Board of Commissioners of Knox County, Ohio; John Doe I, the Knox County sheriff; and John Doe II,

1

a Knox County deputy sheriff. (ECF No. 1.) Plaintiff asserts claims under 42 U.S.C. § 1983, arguing that he was falsely arrested and imprisoned in violation of the Fourth and Fourteenth Amendments and that select defendants failed to supervise and train the officers involved. Defendants the Board of Commissioners, John Doe I, and John Doe II ("the Knox Defendants") have filed a motion to dismiss. (ECF No. 6.) The parties have completed briefing on the motion, which is ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which the Court can grant relief. Consequently, this Court must construe Plaintiff's complaint in his favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The United States Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B.  Analysis**

Plaintiff asserts federal claims under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, in order to prevail on his § 1983 claims, Plaintiff must show that, while acting under color of state law, Defendants deprived him of a right secured by the Federal Constitution or laws of the United States. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992).

The Knox Defendants first argue that dismissal of the § 1983 failure to train claim is warranted. They correctly note that *respondeat superior* cannot provide a basis for liability here. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, to plead a failure to train claim, Plaintiff must plead facts demonstrating the existence and impropriety of an involved policy. This is because the Sixth Circuit has explained:

> Municipalities are not . . . liable for every misdeed of their employees and agents. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §§ 1983." [*Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).] This circuit has stated that to satisfy the *Monell* requirements a plaintiff must "identify the policy, connect the policy

3

>to the city itself and show that the particular injury was incurred because of the execution of that policy." *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir.1987) (adopting the test articulated in *Bennett v. City of Slidell,* 728 F.2d 762, 767 (5th Cir.1984) (en banc), *cert. denied,* 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985)).

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993).  What constitutes a *Monell* policy, custom, or practice is therefore most often of critical import to § 1983 actions such as the case *sub judice.*

The United States Supreme Court has explained what can prove sufficient to present a *Monell* claim:

>[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact . . . .  Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983.

*City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).  The Supreme Court has recognized two basic ways in which such a claim can be plead:

>" '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *Bryan Cty.*, 520 U.S., at 410, 117 S.Ct. 1382.  Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program.  *Id.*, at 407, 117 S.Ct. 1382.  The city's "policy of inaction" in light of notice that its program will cause constitutional violations "is the functional equivalent of a decision by the city itself to violate the Constitution."  *Canton*, 489 U.S., at 395, 109 S.Ct. 1197 (O'Connor, J., concurring in part and dissenting in part).

*Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011).  Plaintiff, however, has failed to plead sufficiently either actual or constructive notice so as to present a plausible claim.

Plaintiff pleads that John Doe I and the Board of Commissioners "did not properly train the arresting officers . . . and those supervising them . . . in domestic violence incidents prior to [the] arrest of Plaintiff." (ECF No. 1, at Page ID # 5 ¶ 14.) He also pleads that the Village of Fredericktown and the Board of Commissioners of Knox County "adopted or failed to adopt a proper policy dealing with arrests of citizens in their respective jurisdictions" and "failed to properly train their officers on the law and on how to properly investigate potential criminal offenses before arrests without warrants . . . ." (ECF No. 1, at Page ID # 5 ¶ 18.) Reading the *pro se* complaint charitably (*i.e.*, disregarding the alternative contention that Defendants adopted a proper policy), the Court is left with a conclusory allegations of a failure to adopt a sufficient policy and to properly train and supervise officers. Such pleading fails to point to any custom, policy, or practice that presents a plausible claim for a constitutional deprivation. *See Liptak v. City of Niles, Ohio,* 198 F.3d 246, 1999 WL 1045100, at *5 (6th Cir.1999) (unpublished table decision) (no § 1983 recovery where a plaintiff fails cite to any official city policy or custom).

It is well settled that "a pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of a failure to train" *Connick*, 131 S. Ct. at 1360. But Plaintiff has not pled *any* prior violations leading to false arrest or imprisonment. *See Amerson v. Waterford Twp.*, 562 F. App'x 484, 491 (6th Cir. 2014) (rejecting excessive force failure-to-train claim because the plaintiff "did not present any evidence of prior misconduct in the form of excessive force"). The complaint therefore suffers from a lack of facts showing a preexisting pattern of constitutional violations that should have alerted the Knox Defendants of a need for more training or different policies. *See Hamer v. Cnty. of Kent*, No. 1:13-CV-504, 2014 WL 1276563, at *6 (W.D. Mich. Mar. 27,

2014). In other words, "Plaintiff's complaint fails to allege a single fact which, accepted as true, could support a plausible inference" that the Knox Defendants were "on actual or constructive notice of the existence of a 'clear and persistent pattern of constitutional violation' giving rise to a need for different training or policies." *Id.* at *7.

It is also possible "in a narrow range of circumstances" for a single incident to present a plausible claim. *Connick*, 131 S. Ct. at 1361. Under this approach, a constitutional violation that is such a patently obvious consequence of a failure to provide training suffices to establish municipal liability. *Id.* But Plaintiff has again failed to plead anything more than conclusory allegations that fail to state a plausible claim. This deficiency echoes the problem with the deliberate indifference pleading in *Miller v. Delaware County Commissioners*, No. 2:13-cv-501, 2014 WL 457552 (S.D. Ohio Feb. 4, 2014). In that case, this Court explained:

> Plaintiffs allege that Defendants lacked any policies regarding "investigatory techniques," which is a basic skill for both prosecutors and law enforcement personnel. . . . [P]eace officers in Ohio are required to complete basic training courses that address "investigation," among other subjects. Ohio Admin. Code § 109:2-1-16. Plaintiffs fail to allege facts to support the inference that, absent additional specified training, it was highly predictable that [law enforcement officers] would make mistakes in investigations that would cause constitutional violations. *See Connick*, 131 S. Ct. at 1365. Plaintiffs therefore failed to allege deliberate indifference such that they cannot state a claim for municipal liability . . . .

*Id.* at *9. Similarly, Plaintiff here complains of insufficient training related to the investigation and handling of a domestic violence offense. But Ohio Administrative Code § 109-2-1-16(c) expressly includes in officer training the topics addressed in Ohio Revised Code § 109.744. That state statute in turn provides for officer training in domestic violence offenses. The complaint here fails to allege facts to support the inference that the lack of *additional* training beyond this

6

mandated training made a constitutional violation an obvious consequence.

Plaintiff has therefore failed to plead a plausible claim against the Knox Defendants for failure to train. This leaves for discussion Plaintiff's failure to supervise claim. The Sixth Circuit has explained such a claim, noting that the

> "failure to supervise" theory of municipal liability is a rare one. Most agree that it exists and some allege they have seen it, but few actual specimens have been proved. It appears to relate to two more common theories of municipal liability: an inadequate-training theory or an acquiescence theory. . . . However characterized, [a claim for failure to supervise] must meet the rigorous standards of culpability and causation that the Supreme Court has required when a plaintiff claims that a municipality has indirectly caused a violation of federal rights in spite of its facially lawful policies.
>
> *Mize v. Tedford*, 375 Fed. Appx. 497, 500 (6th Cir. 2010) (internal quotation marks and citations omitted). Similar to the failure-to-train inquiry . . ., to sustain a failure-to-supervise claim, the plaintiff "must show that the city acted with 'deliberate indifference' to the risk of [the constitutional violation] and that its deliberate indifference was the 'moving force' behind the assault." *Id.*

*Amerson*, 562 F. App'x at 491-92. Plaintiff has failed to plead *any* facts supporting such a plausible claim against John Doe I, the sheriff, or John Doe II, the deputy sheriff.[1] Instead, Plaintiff pleads that "*possibly* Defendant Sheriff John Doe I, and *possibly* Defendant Deputy Sheriff John Doe II, did not properly supervise the arresting officer and sheriff . . . in said arrest." (ECF No. 1, at Page ID # 4 ¶ 13 (emphasis added).) Such pleading cannot be said "to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. The *Twombly-Iqbal*

---

[1] Plaintiff's memorandum in opposition explains that this was a pleading choice by Plaintiff because "[t]here may not have been any John Doe Defendants that improperly trained or supervised Defendant Deputy Sheriff Kevin Durbin according to the policies of Defendant Board of Know County Commissioners." (ECF No. 9, at Page ID # 42.) The contentions against the Doe defendants arguably could not be more speculative.

" 'plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.' " *Johnson v. Moseley*, 790 F.3d 649, 652-53 (6th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  Consequently, Plaintiff has also failed to state a plausible claim against the Know Defendants under his failure to supervise theory.

### III. Conclusion

This Court **GRANTS** Defendants' motion to dismiss.  (ECF No. 6.)  The failure to train claim and the failure to supervise claim against the Knox Defendants are dismissed.  All other claims remain pending.

**IT IS SO ORDERED.**

       /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE